IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. BRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 4:14-cv-1501 |
| | ) |
| CITY OF FRONTENAC, MISSOURI, | ) |
| MATTHEW BRUNE, | ) JURY TRIAL DEMANDED |
| TIMOTHY BARNETT, CHRIS LO, | ) |
| and REX BAUMGARTNER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Introduction

1. Plaintiff Robert M. Bry was detained, arrested, incarcerated, and prosecuted, all without probable cause by Defendants. The Defendants conspired with one another to purposefully and maliciously violate the rights of the Plaintiff guaranteed him by the Fourth and Fourteenth Amendments to the United States Constitution. The Plaintiff hereby asserts claims pursuant to 42 U.S.C. §§ 1983, 1988, and Missouri Law.

### Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction over this action under 42 U.SC. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Further, Plaintiff invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims arising under Missouri state law. The events complained above all occurred in the Eastern District of Missouri, Eastern Division.

## Parties

3. Plaintiff Robert M. Bry is a citizen of the United States of America, domiciled in the City of Frontenac, State of Missouri ("City").

4. Defendant City of Frontenac, Missouri ("City") is a political subdivision or municipality, created and existing pursuant to Missouri law.

5. Defendants Matthew Brune, Rex Baumgartner, and Timothy Barnett were at all times referred to in this Complaint sworn peace officers certified by the State of Missouri and employed by the City of Frontenac. Their actions and conduct described in this Complaint were done under the color of law.

6. Defendant Chris Lo was also a first responder. He is and was at the time of the incident a police officer employed by the City of Ladue Police Department and a sworn peace office certified by the State of Missouri.

7. At all times referenced in this Complaint, all Defendant police officers were acting in the course and scope of their employment capacity.

## Facts

8. On or about September 13, 2013, Plaintiff called 911 to report that he had been attacked with a knife by his then spouse Robin W. Bry.

9. Plaintiff clearly and unambiguously informed the above-referenced police officers that his wife had chased him out of the house with a knife and that he had re-entered the house only to be attacked again and this time injured by the knife his spouse was wielding.

10. Plaintiff was bleeding profusely from a wound to his right hand.

11. The Plaintiff was, without cause or justification subsequently detained, arrested, and incarcerated by the City Police Department.

2

12. The City Police Department conspired to concoct and fabricate the substance of a police report that was patently false, misleading, contained fabricated and completely unreliable evidence, and omitted all evidence that would have clearly exonerated the Plaintiff.

13. The City Police Department and the City Prosecutor then recommended and instigated a Felony Assault Charge against the Plaintiff and also recommended a "cash only" Bond of $75,000.00 in an effort to insure that the Plaintiff was incarcerated for as long as possible. They also recommended that a condition of his Bond was "no contact" with his spouse.

14. The St. Louis County Prosecutor's Office accepted the recommendation of the Frontenac Police and Prosecutor and did in fact charge and prosecute the Plaintiff in St. Louis Circuit Court State of Missouri, with a felony assault charge (State of Missouri Robert Bry, cause # 13SL-CR09269-01).. They also accepted the recommendation of the City regarding the Bond amount and its terms and conditions described directly above.

15. The criminal case was terminated in favor of the Plaintiff when the charges were dismissed by the Court on June 23, 2014 the case was thereby and thereafter abandoned.

16. All police officer Defendants are sued in their individual capacities/

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY POLICE OFFICER DEFENDANTS

17. Plaintiff incorporates by reference the allegations contained in ¶¶ 1 through 16 of this Complaint as though fully set forth herein.

18. The arrest of the Plaintiff occurred without a warrant, and was therefore unlawful unless it was supported by probable cause.

19. Law enforcement officers making an arrest without a warrant have a duty to conduct a reasonably through investigation prior to making the arrest; the Defendant police officers did not conduct such an investigation.

20. The actions of the police officer Defendants, acting under the color of law, violated Plaintiff's Constitutional rights when they, arrested, and detained the prosecution of Plaintiff without probable cause and without a warrant.

21. The police officer Defendants' actions in depriving the Plaintiff of his Constitutional rights were purposeful and malicious, or the result of gross errors or mistakes.

22. The police officer Defendants, acting under the color of state law, violated the Constitutional rights by instigating and pursuing false charges against the Plaintiff. These unlawful actions were purposeful and malicious and the police officer Defendants knew or should have known that initiating these false charges without probable cause would create the likelihood or at least create an unreasonable risk of causing severe emotional distress to the Plaintiff. The police officer Defendants also knew or should have known that their purposeful and malicious conduct would also cause the Plaintiff to suffer substantial financial losses and other pecuniary damages.

23. As a direct and proximate result and consequence of the conduct of the police officer Defendants, Plaintiff suffered injuries and damages, including severe emotional distress, mental anguish and consternation, public scorn and ridicule, and the cost and expense of defending himself against false charges.

4

24. If Plaintiff prevails, he is entitled to recover attorney's fees pursuant to 28 U.S.C. § 1988.

WHEREFORE, Plaintiff requests that this Court judgment against Defendants Lo, Brune, Barnett and Baumgartner for compensatory damages in an amount that is fair and reasonable, for attorney's fees and the cost of litigation, and for such additional relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

## LIABILITY OF THE CITY OF FRONTENAC, MISSOURI FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25. Plaintiff incorporates the allegations contained in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Defendant City acting by and through the policymakers for law enforcement in the City Police Department has had a policy or a custom and usage that caused the constitutional violations suffered by the Plaintiff.

27. Defendant City had the duty to effectively supervise, monitor and control the peace officers in its employ. In addition, Defendant City had the duty to effectively train the peace officers in its employ, including the supervisors and those charged with supervising, monitoring and controlling the officers and detectives of its Police Department.

28. An integral part of the discharge of the duties of the City is to ensure that citizens are not targeted for unfair treatment by the City or any of its employees. The City failed to discharge this duty by allowing Plaintiff to be repeatedly and unfairly targeted by the City Police

Department. The City had a clear policy of allowing such targeting, and knew or should have known that this policy was illegal, and did not take any measures to correct this pattern or policy.

29. As a result of the failure of the policies or customs/usages of Defendant City and/or the failures of Defendant City to discharge its duties, Plaintiff was harmed and suffered damages.

30. If Plaintiff prevails on this claim, he is entitled to recover attorney fees and other costs of litigation pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant City of Frontenac, Missouri for compensatory damages, attorney's fees and cost of litigation and for such further relief as the Court deems appropriate under the circumstances.

## COUNT III

## FALSE ARREST COGNIZABLE UNDER MISSOURI STATE LAW

31. Plaintiff incorporates by reference the allegations contained in ¶¶ 1 through 30 of this Complaint as if fully set forth herein.

32. The Defendant intentionally caused the detention, restraint and arrest of Plaintiff against his will without probable cause to believe that he had committed any crime.

33. As a direct and proximate result of the Defendant police officers causing the detention and restraint of Plaintiff as previously described, Plaintiff suffered severe emotional distress, mental anguish and pecuniary losses.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants Brune, Barnett, Lo and Baumgartner for compensatory damages, and attorney's fees and cost of litigation and for any additional relief that the Court deems fair and reasonable under the circumstances.

6

## COUNT IV

## MALICIOUS PROSECUTION

34. Plaintiff incorporates by reference the allegations contained in ¶¶ 1 through 33 of this Complaint as though fully set forth herein.

35. The Defendant police officers either initiated the commencement of a prosecution against Plaintiff, participated in the prosecution of the Plaintiff, or conspired with other Defendants to continue and prolong the prosecution of the Plaintiff, or failed to make efforts to stop the false prosecution of the Defendant when they had a duty to do so.

36. All criminal charges against Plaintiff were terminated in his favor on June 23, 2014.

37. Defendants acted without probable cause in stimulating, promoting, and encouraging the prosecution of the Plaintiff.

38. Various police officer Defendants lied or made statements in reckless disregard of their truth or falsity in the police report.

39. Defendant Baumgartner maliciously slandered the Plaintiff and lied to his neighbor in order to obtain a false statement from her.

40. Agents of the Defendant City deliberately and purposefully misled the Prosecuting Attorney of St. Louis County resulting in false charges against the Plaintiff.

41. The Plaintiff was damaged by the commencement of the aforementioned prosecution in that he incurred costs and attorney's fees, severe emotional distress, and mental anguish throughout the process.

WHEREFORE, Plaintiff prays for judgment against Defendants Lo, Brune, Baumgartner and Barnett in an amount that is fair and reasonable, for attorney's fees and costs of litigation, and for such additional relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

## CONSPIRACY TO VIOLATE THE CONSTITUTIONAL RIGHTS OF PLAINTIFF BY DEFENDANTS

42. Plaintiff incorporates by reference the allegations contained in ¶¶ 1 through 41 of this Complaint as though fully set forth herein.

43. Defendant members of the City Police Department conspired with each other to intentionally and maliciously violate the constitutional rights of the Plaintiff described above. 44. These Defendants shared the general conspiratorial objective to deprive the Plaintiff of his civil rights by fabricating evidence against him, falsely arresting and jailing him, and contriving and encouraging false charges against him.

44. Some of the co-conspirators had opportunities to intervene and prevent the deprivation of the Plaintiff's constitutional rights, and some had a duty to do, but none of the Defendants took any such steps and are therefore also personally liable for the Plaintiff's damages that resulted from the conspiracy.

45. All Defendant co-conspirators acted with malice and evil motives in participating in this illegal conspiracy to violate the constitutional rights of the Plaintiff.

46. The Plaintiff was damaged by the conspiracy in the form of pecuniary damages, severe emotional distress, and mental anguish. The scheme to deprive the Plaintiff of his constitutional rights was evil and required to some extent the participation of all of the co-conspirators in order to be successful in its clear intent to deprive the Plaintiff of rights secured

8

to him by the United States Constitution's Fourth and Fourteenth Amendments, and by Missouri state law.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants Brune, Barnett and Baumgartner in an amount that is fair and reasonable, for attorney's fees and costs of litigation, and for such additional relief as the Court deems fair and appropriate under the circumstances.

**BICK & KISTNER, P.C.**

By: /s/ Elkin L. Kistner
    Elkin L. Kistner                    #35287MO
    Patricia A. Hageman           #43508MO
    101 South Hanley Road, Suite 1280
    St. Louis, Missouri 63105
    Telephone: (314) 571-6823
    Facsimile: (314) 727-9071
    E-mail: elkinkis@bick-kistner.com
    *Attorneys for Plaintiff*