ROBERT M. BRY,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)　　No. 4:14-CV-1501 RLW
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
CITY OF FRONTENAC, et al.,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the court on Defendants City of Frontenac and Frontenac Police Officers Matthew Brune, Timothy Barnett, Rex Bamgartner, Jeremy Newton, James Ford, Matthew Loveless, and Bryan Wuertz's Joint Motion to Dismiss Plaintiffs' Complaint (ECF No. 18). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

On September 13, 2013, Plaintiff Robert M. Bry ("Robert" or "Plaintiff") called 911 to report that he had been attacked with a knife by his then spouse Robin W. Bry ("Robin"). (First Amended Complaint ("Complaint" or "Compl.", ECF No. 22, ¶8). Robert told the police officers that his wife had chased him out of the house with a knife. (Compl., ¶9). Robert said he re-entered the house but he was chased out again and injured by his knife-wielding spouse, causing his right hand to bleed. (Compl., ¶¶9, 10) Robert claims that he was detained, arrested, and incarcerated by the Frontenac City Police Department ("Police Department") without cause

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

or justification, and that the Police Department fabricated a police report to justify their actions. (Compl., ¶¶11-12). The Police Department and the Frontenac City Prosecutor then initiated a Felony Assault Charge against Robert and recommended a "cash only" bond of $75,000.00. (Compl., ¶13). They also recommended as a condition of release that he have no contact with Robin. (Compl., ¶14).

The St. Louis County Prosecutor's Office charged Robert in St. Louis Circuit Court, State of Missouri, with a felony assault charge (*State of Missouri v. Robert Bry*, Cause No. 13SL-CR9269-01). The St. Louis County Prosecutor's Office also recommended the bond amount and bond conditions suggested by the Police Department and Frontenac City Prosecutor. (Compl., ¶14). The charges against Robert were dismissed by the Court on June 23, 2014. (Compl., ¶15).

Robert filed this action on August 29, 2014. Robert filed a First Amended Complaint on January 20, 2015, alleging claims for Violation of Plaintiff's Rights under the Fourth and Fourteenth Amendments to the United States Constitution by Police Officer Defendants (Count I), Liability of the City of Frontenac, Missouri for Violation of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution (Count II), False Arrest (Count III), Malicious Prosecution (Count IV), and Conspiracy to Violate the Constitutional Rights of Plaintiff (Count V).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036,

1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I.  Individual Frontenac Defendants

A. Probable Cause

The essence of all of Defendants' arguments in support of its motion to dismiss is that Plaintiff's arrest was supported by probable cause based upon the mere fact that he was indicted. Defendants argue that the indictment against Robert, filed on October 30, 2013, validates the existence of probable cause. (ECF No. 19 at 6) (citing *Hazlett v. City of Pine Lawn*, No. 4:12-CV-1715 JAR, 2014 WL 2441372, at \*4 (E.D. Mo. May 30, 2014)). Therefore, Defendants claim there can be no claims against the individual defendants under Section 1983, for false arrest, or for malicious prosecution because there was no constitutional violation and the individual defendants are protected by qualified immunity.

Under Eighth Circuit law, an indictment constitutes prima facie evidence of probable cause, which the plaintiff bears the burden to rebut. *Zike v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 646 F.3d 504, 510 (8th Cir. 2011) (citing *Kvasnicka v. Montgomery Ward & Co.,*

350 Mo. 360, 166 S.W.2d 503, 505 (1942) ("In this case the plaintiff recognized that the burden of proof was upon her to overcome the prima facie presumption of probable cause arising out of the indictment....")). A plaintiff can rebut this prima facie evidence of probable cause by demonstrating, for instance, that the probable cause finding was procured through false or fraudulent testimony. *Zike*, 646 F.3d at 511,

Here, Plaintiff has alleged that "[t]he City Police Department conspired to concoct and fabricate the substance of a police report that was patently false, misleading, contained fabricated and completely unreliable evidence, and omitted all evidence that would have clearly exonerated Mr. Bry." (Compl., ¶12). In reply, Defendants refine their argument and assert that the allegations in Plaintiff's Complaint "fail[] to allege which individual officer acted or failed to act in what specific manner, and falls short of federal pleading requirements[.]" (ECF No. 28).[2] The Court, however, finds that Plaintiff has sufficiently alleged his claims at this time and that the any purported pleading deficiencies can be addressed through discovery. That is, Plaintiff has alleged a violation of his constitutional rights based upon the individual Defendants' alleged false and misleading testimony for the purpose of obtaining the arrest and conviction of Plaintiff. The Court denies the motion to dismiss on this basis.

B. Qualified Immunity

Defendants also claim that qualified immunity bars Plaintiff's claims. (ECF No. 19 at 9-10). Defendants argue that because the indictment "conclusively determines the issue of probable cause," then there has been no constitutional violation, and Defendants are entitled to qualified immunity. (ECF No. 19 at 9). Further, Defendants argue that the individual Frontenac Officers

---

[2] Tellingly, Defendants answered the original complaint (ECF Nos. 4, 7), without filing a motion for more definite statement or motion to dismiss for failure to comply with the mandates of *Iqbal* or *Twombly*.

are entitled to qualified immunity because "on September 13, 2013, it was not clearly established that an arrest which was later supported by an indictment is actionable for malicious prosecution to §1983." (ECF No. 19 at 11).

"Qualified immunity protects governmental officials from liability for civil damages if they have not violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Akins v. Epperly,* 588 F.3d 1178, 1183 (8th Cir.2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The qualified immunity doctrine provides "protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It "allows officers to make reasonable errors." *Habiger v. City of Fargo,* 80 F.3d 289, 295 (8th Cir.1996). Officers are allowed considerable room for "mistaken judgments." *Borgman v. Kedley,* 646 F.3d 518, 522 (8th Cir. 2011). Qualified immunity applies if there is even "arguable probable cause" for an arrest. *Id.* at 523 (quoting *Walker v. City of Pine Bluff,* 414 F.3d 989, 992 (8th Cir.2005)).

Examining qualified immunity, this court applies a two-part test. First, "whether the facts alleged, construed in the light most favorable to [the plaintiff], establish a violation of a constitutional or statutory right," and second, "whether that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that her actions were unlawful." *Keil v. Triveline,* 661 F.3d 981, 985 (8th Cir.2011). The officers may be mistaken as to the existence of probable cause, but the mistake must be "objectively reasonable." *Id.* (quoting *Amrine v. Brooks,* 522 F.3d 823, 832 (8th Cir.2008)). Objective reasonableness depends on "the totality of the circumstances." *Borgman,* 646 F.3d at 523.

At this stage of the litigation and viewing the allegations in the light most favorable to Plaintiff, the Court denies Defendants' Motion to Dismiss based upon qualified immunity. Plaintiff has alleged that Defendants did not have probable cause to arrest him, but knowingly falsified testimony in order to arrest and prosecute Plaintiff. Based upon these allegations, the Court holds that Plaintiff has alleged violation of a constitutional right and that a reasonable official would have known that his or her actions were unlawful. *See Kuehl v. Burtis*, 173 F.3d 646, 649 (8th Cir. 1999) (the court "must consider whether [plaintiff] has alleged a violation of a clearly-established constitutional right and whether a reasonable officer in [defendant's] position would have known that his actions violated that right"). Therefore, the Court denies Defendants' motion to dismiss based upon qualified immunity.

C. Malicious Prosecution Under Federal Law

Defendants argue that there is no malicious prosecution claim under federal law. (ECF No. 19 at 10-11 (citing *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) ("an allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983")). The Court will deny the motion to dismiss the federal malicious prosecution claim at this time. At this stage of the litigation, it is unclear whether there is something "more" that would satisfy the requirements to state a claim. The Court believes that this issue would be better addressed after development of the full record.

D. False Arrest/Imprisonment Official Immunity

Defendants claim that the individual officers are entitled to official immunity because their arrest of Plaintiff on September 13, 2013 involved their discretionary functions as officers. (ECF No. 19 at 15-16).

"Under the doctrine of official immunity, public officials acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but may be held liable for torts committed when acting in a ministerial capacity." *Shell v. Ebker*, No. 4:04-CV-1817 CAS, 2006 WL 1026982, at *10 (E.D. Mo. Apr. 14, 2006) (citing *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo.1985) (en banc). "Official immunity does not apply, however, to discretionary acts done in bad faith or with malice." *Shell*, 2006 WL 1026982, at *11 (citing *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo.1986)); *see also Brown v. City of Golden Valley*, 574 F.3d 491, 500 (8th Cir. 2009) (internal citation omitted) ("When an official is exercising such discretionary functions, official immunity applies unless a willful or malicious wrong is committed."). An allegation of "malicious motive or purpose or of conscious wrongdoing" is sufficient under Missouri law to preclude application of the official immunity doctrine. *See Twiehaus*, 706 S.W.2d at 447. Here, Plaintiff has alleged that the officers knowingly lied to procure the arrest and prosecution of him. The Court finds that Plaintiff has alleged sufficient malicious, or conscious wrongdoing, to preclude application of official immunity at this stage of litigation. Therefore, the Court will deny Defendants' Motion to Dismiss based upon official immunity.

E. Conspiracy to Violate Civil Rights

1. Federal Law

Defendants maintain that Plaintiff's claim for conspiracy to violate civil rights under 42 U.S.C. §1985(3) against the individual officers should be dismissed because a grand jury returned a true bill, reflected by an indictment. (ECF No. 19 at 17-19). Defendants argue that no violation of a constitutional right is present and, therefore, the individual officers are also entitled to qualified immunity. (ECF No. 19 at 19).

To recover for a conspiracy to violate her civil rights in violation of 42 U.S.C. § 1985(3), a plaintiff "must prove four elements: (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive her either directly or indirectly of her civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). The Court finds that Plaintiff alleges a conspiracy to violate her civil rights in violation of 42 U.S.C. § 1985(3) because he has alleged a deprivation of his civil rights. Further, Defendants are not protected by qualified immunity because Plaintiff has sufficiently alleged a constitutional violation. The Court denies the motion to dismiss Plaintiff's claim under 42 U.S.C. § 1985(3).

2. Conspiracy to Violate Civil Rights Pursuant to State Law

"A civil conspiracy consists of (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful acts, and (5) damages as the proximate result thereof." *Edmonds v. Hough*, 344 S.W.3d 219, 225 (Mo. Ct. App. 2011) (quoting *Dickey v. Johnson,* 532 S.W.2d 487, 502 (Mo.App.1976)). Defendants claim that Plaintiff has "failed to state a claim upon which relief may be granted that there is any unlawful act or basis for the underlying tort claims." (ECF No. 19 at 19). Plaintiff, however, has alleged an underlying unlawful tort. Plaintiff alleged that Defendants conspired to fabricate a misleading police report, based upon unreliable evidence, in order to get Plaintiff charged with felony assault. (Compl., ¶¶12-13). Therefore, the Court holds that Plaintiff has alleged an underlying tort and motion to dismiss the claim for conspiracy to violate civil rights pursuant to state law is denied.

3. Failure to Intervene

- 8 -

Defendants also seem to be arguing that supervisory employee officers cannot be held liable for failing to intercede because there was no underlying constitutional violation. (ECF No. 19 at 19-20). As previously discussed, the Court has found that Plaintiff sufficiently alleges a constitutional violation. Therefore, Plaintiff states a claim for failure to intervene and the Court denies the motion to dismiss.

II.     City of Frontenac

Defendants claim that Plaintiff cannot state a claim against the City of Frontenac because the indictment against Plaintiff "conclusively determines probably cause existed to arrest Plaintiff. (ECF No. 19 at 13 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("action pursuant to official municipal policy of some nature caused a constitutional tort"). Defendants maintain that the law at the time of Plaintiff's arrest was not clearly established that an arrest later supported by an indictment was unconstitutional. (ECF No. 19 at 13-14 (citing *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 394 (8th Cir. 2007) ("the lack of clarity in the law precludes a finding that the municipality had an unconstitutional policy at all, because its policymakers cannot properly be said to have exhibited a policy of *deliberate* indifference to constitutional rights that were not clearly established").

As previously discussed, based upon the allegations in the Complaint, Plaintiff alleges violation of a clearly established right. Plaintiff alleges that the individual defendants lied in order to procure his arrest and indictment. At this time, the Court must deny the motion to dismiss.[3]

---

[3] Although they reference Eighth Circuit law regarding liability for a municipality based upon "custom or usage" and inadequate "training or supervision" (ECF No. 19 at 12-13), Defendants never apply that black letter law to the allegations in the Complaint. Therefore, the Court does not address this argument (or the lack thereof).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of Frontenac and Frontenac Police Officers Matthew Brune, Timothy Barnett, Rex Bamgartner, Jeremy Newton, James Ford, Matthew Loveless, and Bryan Wuertz's Joint Motion to Dismiss Plaintiffs' Complaint (ECF No. 18) is **DENIED**.

Dated this 18th day of May, 2015.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**