IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. BRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case Number: 4:14-cv-1501 RLW |
| CITY OF FRONTENAC, MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR HEARING AND SANCTIONS DUE TO
DEFENDANTS' DESTRUCTION OF CRITICAL EVIDENCE**

COMES NOW Plaintiff Robert M. Bry and moves this Court to hold an evidentiary hearing and impose sanctions on defendants the Frontenac Police – the City of Frontenac and its police officers Timothy Barnett, Rex Baumgartner, Matthew Brune, Jeremy Newton, James Ford, Cody Loveless and Brian Wuertz (collectively the "Frontenac Police") – because the Frontenac Police admit they did record or should have recorded key events in this case, including (a) Mr. Bry's early-morning arrest on dash-board cameras; (b) interviews with Mr. Bry and the alleged victim of his purported misconduct Robin Bry with interview-room recording systems; and (c) telephone calls made by Frontenac officers to Witnesses including Sheila Hoffman, but inexplicably destroyed all such tapes months ago, despite then-pending litigation and discovery requests from Mr. Bry. In further support of this Motion for Hearing and Sanctions, Mr. Bry states:

1. This case arises out of an assault that Mr. Bry experienced at his home in September 13, 2013. Mr. Bry had contacted 911 seeking police protection from his wife Robin, who in a drunken rage had attacked Mr. Bry with a knife. The Frontenac Police instead arrested

both Mr. Bry and his wife Robin, and subsequently charged Mr. Bry with felony assault, a charge that was ultimately dismissed by the St. Louis County Circuit Court in June 2014 presumably because there was overwhelming exculpatory evidence and the charge was not viable.

2. Mr. Bry's case before this Court is based in large part upon (1) events that occurred during Mr. Bry's arrest (early in the morning of September 13, 2013) outside his home; (2) statements made to Mr. Bry and his wife Robin during their interrogation by the Frontenac Police; and (3) statements the Frontenac Police reportedly made to Robin Bry and others during their investigation leading to the felony charge against Mr. Bry.

3. Frontenac Police apparently recorded – or should have recorded – many of the key components of evidence in this case. Specifically:

    a. The Frontenac Police since 2013 have dashboard cameras that record whenever their police car emergency lights are flashing and that download automatically to a hard drive at the Frontenac Police station. *See* Deposition of Officer Wuertz at 23:14 –27:5, Exhibit 7. These cameras should have caught Robin Bry screaming incoherently and threatening to kill police while being apprehended on September 13, 2013, as well as Mr. Bry calmly communicating with police, *see* Hoffman Affidavit, Exhibit 1;

    b. The Frontenac Police have a policy of recording interviews conducted in interview rooms. See Deposition of Officer James Ford at 36:13-24, Exhibit 4. Such recordings would have recorded Robin Bry confessing that she had first drawn a knife and initiated all aggression, and Frontenac

2

      Police encouraging her nevertheless to help them get Mr. Bry, *cf.* Hoffman Affidavit, Exhibit 1; Bry Affidavit, Exhibit 8; and

  c. The Frontenac police recorded all calls from the Frontenac police station, and thus should have recorded calls wherein police told Robin Bry and Sheila Hoffman that the police were out to get Mr. Bry, *cf.* Hoffman Affidavit, Exhibit 1.

4. Mr. Bry was charged with felony assault on September 13, before being released from incarceration, and within two weeks of his arrest served discovery requests on Frontenac on while defending against that prosecution. *See* Request for Discovery in *State v. Bry*, Exhibit 2 (the "Rosenblum Discovery") (requesting production of "all recordings, audio, video, or otherwise, relating to the charge").

5. The Frontenac police produced no audio or video recordings in response to the Rosenblum Discovery, except an audiotape of the 911 call that Mr. Bry had made on September 13, 2013 to report Robin's attack.

6. While the felony criminal charge was pending, Mr. Bry made known that he believed he had been treated improperly and that he intended to sue the Frontenac Police for causing charges to be brought against him despite a lack of probable cause. *Cf.* Bry Affidavit, Exhibit 8.

7. After the criminal charges were dismissed, Mr. Bry initiated this lawsuit and served discovery seeking, *inter alia*, copies of any recordings the Frontenac police might have relating to his arrest, Robin Bry's arrest, and this case. *See, e.g.,* Bry Request for Production #9, Exhibit 3 (requesting "[a]ll photos, and video or, audio recordings, referencing, describing, depicting or reflecting the voice of either Robert M. Bry or Robin Bry that were generated or

3

made at any time from 6:30 a.m. on September 12, 2013 until the present"); *see also id.*, Requests #1, 2, and 19, Exhibit 3.

8.     The Frontenac police have made no further production of audio- or videotapes in response to Mr. Bry's discovery in this case.

9.     Instead, incredibly, the Frontenac police now report that they allowed all audio and videotapes relating to Mr. Bry's case (except the recording of Mr. Bry's 911 call) to be erased by operation of their ordinary recording destruction policy sixty days after recording, despite the then-pendency of a related felony charge and associated discovery. *See* Frontenac's Supplemental Discovery Response served May 21, 2015, Exhibit 5.

10.    After receiving the supplemental discovery responses, Mr. Bry through counsel challenged the apparent "routine" destruction of tapes despite their obvious relevance to a felony case filed immediately against Mr. Bry after the interviews. Counsel for the Frontenac Police nevertheless reiterated that the Frontenac Police no longer have any of the audiotapes or videotapes they would have prepared. See Email from Peter Dunne, Exhibit 6.

11.    The probative value of the evidence that the Frontenac Police destroyed or allowed to be destroyed cannot be replicated. Moreover, the matters, circumstances and information that would have been evidenced in such recordings would have been quite important to Mr. Bry's case, including showing that Robin Bry was violent, incoherent, and far more the aggressor than Mr. Bry, and that the Frontenac Police nevertheless tried to convince Robin Bry and others that Mr. Bry was a danger and should be charged, even if there was little or no basis for doing so.

WHEREFORE, Plaintiff requests that this Court set an evidentiary hearing, the purpose of which would be to enable this Court to determine the circumstances surrounding the

Frontenac Defendants' destruction of relevant evidence as described above, and based upon such evidence and testimony impose suitable sanctions upon the Frontenac police, including having their pleadings struck and judgment entered against them in this mater; or that this Court grant him such other relief as is just.

        Respectfully submitted,

        **DOWNEY LAW GROUP LLC**


        /s/ Michael P. Downey
        Michael P. Downey        #47757MO
        49 North Gore Ave., Suite 2
        St. Louis, Missouri 63119
        Telephone:  (314) 961-6644
        E-mail: mdowney@downeylawgroup.com


        **BICK & KISTNER, P.C.**
        Elkin L. Kistner        #35287MO
        Patricia A. Hageman        #43508MO
        101 South Hanley Road, Suite 1280
        St. Louis, Missouri 63105
        Telephone:  (314) 571-6823
        Facsimile:  (314) 727-9071
        E-mail: elkinkis@bick-kistner.com

        *Counsel for Plaintiff Robert Bry*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 8, 2015, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which served notification of this filing to the following counsel of record:

Peter J. Dunne
Robert T. Plunkert
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
dunne@pspclaw.com
plunkert@pspclaw.com

*Attorneys for the Frontenac Police Defendants*
*(The City of Frontenac and Officers Brune, Barnett,*
*Baumgartner, Newton, Ford, Loveless & Wuertz)*

                                                /s/ Michael P. Downey