UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT M. BRY,

    Plaintiff,

vs.

CITY OF FRONTENAC, MISSOURI, et al.,

    Defendants.

Case No. 4:14CV1501 RLW

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Hearing and Sanctions Due to Defendants' Destruction of Critical Evidence (ECF No. 46). The Court heard oral argument on this Motion on August 19, 2015. This matter is fully briefed and ready for disposition.

### FACTUAL BACKGROUND

On or around September 13, 2013, Plaintiff and his wife were involved in an altercation, which resulted in injuries and an emergency call to the police. Thereafter, Plaintiff was arrested and charged with felony assault. Pursuant to that charge, Plaintiff's criminal defense attorney served the Office of the Prosecuting Attorney for St. Louis County, Missouri with discovery requests on September 25, 2013. (ECF No. 46-2). Ultimately, the charges against Plaintiff were dismissed by the court on June 23, 2014. Thereafter, Plaintiff filed this lawsuit, alleging violation of his constitutional rights, false arrest, and malicious prosecution based upon his September 13, 2013 arrest and subsequent prosecution. Pursuant to this civil case, Plaintiff's counsel served discovery, requesting any recordings of Plaintiff's September 13, 2013 and any subsequent, related events. In their discovery responses, Defendants stated that "[d]ue to the data

1

capacity limits of the Frontenac Police Department's computer data storage, there is a maximum sixty (60) day retention period for any videos before they are automatically overwritten by the system. After a comprehensive review of this system, the City is not in possession of any videos involving Robert Bry or Robin Wolfsberger." (ECF No. 46-5). Plaintiff claims that this document policy and its implications on this case warrant the imposition of sanctions on Defendants.

## STANDARD OF REVIEW

In Plaintiff's Motion, he asks the Court to "impose suitable sanctions upon the Frontenac police, including having their pleadings struck and judgment entered against them in this matter" based upon the Frontenac Defendants' "destruction of relevant evidence". (ECF No. 46 at 5). "[T]o warrant dismissal as a sanction for spoliation of evidence "there must be a finding of intentional destruction indicating a desire to suppress the truth." *Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004) (citing *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1111–12 (8th Cir.1988)); *see also Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir.2004) (noting under *Stevenson* "a finding of intent is required to impose the sanction of an adverse inference instruction."); *Brown v. Hamid,* 856 S.W.2d 51, 56–57 (Mo. 1993) ("The evidentiary spoliation doctrine applies when there is intentional destruction of evidence, indicating fraud and a desire to suppress the truth."); *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006).

During oral argument, Plaintiff also expressed interest in an alternate sanction of an adverse inference jury instruction. *See, e.g., Lewy,* 836 F.2d at 1111 (citing E. Devitt, C. Blackmar & M. Wolff, 3 *Federal Jury Practice and Instructions* § 72.16 (4th ed. 1987) ("The instruction, taken from Devitt and Blackmar's *Federal Jury Practice and Instructions,* reads as follows: If a party fails to produce evidence which is under his control and reasonably available to

2

him and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not."). The Eighth Circuit has provided the following analysis regarding when an adverse inference instruction is warranted, particularly in the context of a document retention policy:

> [T]he court should consider the following factors before deciding whether to give [an adverse inference] instruction to the jury. First, the court should determine whether [defendant's] record retention policy is reasonable considering the facts and circumstances surrounding the relevant documents. For example, the court should determine whether a three year retention policy is reasonable given the particular document. A three year retention policy may be sufficient for documents such as appointment books or telephone messages, but inadequate for documents such as customer complaints. Second, in making this determination the court may also consider whether lawsuits concerning the complaint or related complaints have been filed, the frequency of such complaints, and the magnitude of the complaints.
>
> Finally, the court should determine whether the document retention policy was instituted in bad faith. *Gumbs v. International Harvester, Inc.,* 718 F.2d 88, 96 (3rd Cir.1983) ("no unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for."); *Boyd v. Ozark Air Lines, Inc.,* 568 F.2d 50, 53 (8th Cir.1977) ("We recognize, however, that the destruction of business records may be sufficient to raise an unfavorable inference."). In cases where a document retention policy is instituted in order to limit damaging evidence available to potential plaintiffs, it may be proper to give an instruction similar to the one requested by the [plaintiffs]. Similarly, even if the court finds the policy to be reasonable given the nature of the documents subject to the policy, the court may find that under the particular circumstances certain documents should have been retained notwithstanding the policy. For example, if the corporation knew or should have known that the documents would become material at some point in the future then such documents should have been preserved. Thus, a corporation cannot blindly destroy documents and expect to be shielded by a seemingly innocuous document retention policy. *Gumbs,* 718 F.2d at 96 ("Such a presumption or inference arises, however, only when the spoilation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.") (quoting 29 Am.Jur.2d *Evidence* § 177 (1967) ).

*Lewy*, 836 F.2d at 1112.

## DISCUSSION

Plaintiff cites to three different types of recordings which have not been retained by Defendants: (1) recordings of audio and police dashboard cameras from the night of Plaintiff's arrest on September 13, 2013; (2) recordings of interrogation interviews of Plaintiff and Robin Bry after their arrests; and (3) recordings of telephone calls from Frontenac police officers regarding their investigation and prosecution of Plaintiff. In response, Defendants indicate that no such recordings exist or, if such recordings existed, then they did not contain any relevant evidence. Specifically, Defendants contend that the squad cars either did not contain recording equipment or that the cars were facing the wrong way and did not capture the crime scene. Likewise, Defendants aver that Plaintiff's and Mrs. Bry's interrogations likely were not recorded because they both exercised their *Miranda* rights, but Defendants note that any statements made were captured in the police report. Finally, Defendants maintain that no relevant telephone calls were recorded because such calls were made either on the police "Nextel" phones or their private cellular phones, which are not equipped with recording devices.

The Court, based on the record that is currently before it, cannot state that Defendants engaged in "intentional destruction indicating a desire to suppress the truth" that would warrant striking the pleadings and entering judgment in favor of Plaintiff. The Court, however, reserves ruling regarding whether the Court will read an adverse inference instruction at trial. The Court is troubled that Defendants allowed potentially relevant and informative tapes to be written over pursuant to the City of Frontenac's practice when a criminal felony case was pending. Although Defendants maintain that any such tapes, if they existed, did not contain any relevant information, Defendants have not provided any support for this contention. Defendants have provided no affidavit indicating whether anyone reviewed any recordings to determine if they contained any relevant or discoverable material. Absent such a finding, Plaintiff and the Court are forced to rely

on the pure conjecture of Defendants as to what is relevant to Plaintiff's cause of action. Because Defendants have been unable to articulate whether any tapes exist or what was on said tapes, the Court will deny without prejudice Plaintiff's Motion. If necessary, Plaintiff may refile this motion and the Court will consider at trial whether an adverse inference instruction is warranted.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Hearing and Sanctions Due to Defendants' Destruction of Critical Evidence (ECF No. 46) is **DENIED** without prejudice. The Court will revisit this issue, if necessary, at trial to determine if an adverse inference instruction is warranted.

Dated this 24th day of August, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes that the depositions of Robin Bry and the St. Louis County prosecutor, Megan Julian, have not been taken and may shed light on the issues related to sanctions. In particular, counsel for Defendants represented that the City of Frontenac was not aware that Plaintiff's criminal defense attorney requested recordings in connection with the felony assault charge within the City of Frontenac's document retention period. Ms. Julian may be able to discuss whether she advised the City of Frontenac regarding the pending discovery requests prior to the automatic recording over of said tapes. Likewise, Ms. Bry may able to provide her perspective regarding the crime scene and her interrogation at the police station.