UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. BRY, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 4:14-CV-1501 RLW |
| v. | )<br>)<br>) |
| CITY OF FRONTENAC, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel Testimony at Deposition and for Extension of Time. (ECF No. 66). Defendants conducted the first deposition of Plaintiff on August 31, 2015. Defendants seek additional time to complete Plaintiff's deposition because Plaintiff invoked the "marital privilege" in response to some questions about what occurred on September 13, 2013 when Plaintiff was arrested. Defendants maintain that Plaintiff refused to answer some questions and failed to provide responsive or forthright answers when responding to defense counsel's questions.

In response, Plaintiff states that he consents to appearing and continuing his deposition but believes that a full seven hours of examination is "unnecessary and excessive." (ECF No. 78). Plaintiff claims that this additional discovery is "a result solely of [defense counsel's] questioning and (lack of) time management during Mr. Bry's prior deposition." Plaintiff also states that he withdraws his claim that the "anti-spousal testimonial privilege" precludes him from answering questions regarding the actions of his former wife on September, 13, 2013.

The Court orders Plaintiff to appear for another deposition. At this time, the Court will not limit defense counsel to less than seven hours to continue Plaintiff's deposition. It is

undisputed that Plaintiff refused to answer questions regarding what occurred on September 13, 2013, which are critical to his claims and the issues in this case. Plaintiff refused to answer questions, in part, based upon a privilege that is inapplicable to this case. Based upon this obstructionist behavior, the Court will not impose a time limit greater than the limit imposed by the federal rules. The Court, however, cautions defense counsel not to engage in duplicative or unnecessary questioning.

The Court further declines to rule on whether Defendants are entitled to the costs for Plaintiff's second deposition because the transcript of Plaintiff's first deposition is not yet available. Defendants may file a separate motion, if necessary, once the transcript has been obtained to allow the Court to review the record.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Testimony at Deposition and for Extension of Time (ECF No. 66) is **GRANTED** in part. Defendants may continue the deposition of Plaintiff at another, mutually agreed upon date and time. Defendants' request for costs associated with the resumption of the deposition is **DENIED** without prejudice.

Dated this 9th day of September, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**