UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. BRY, | ) |
| | ) |
| Plaintiff, | ) No. 4:14-CV-1501 RLW |
| | ) |
| v. | ) |
| | ) |
| CITY OF FRONTENAC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on the Objections of Megan Julian to Testify at a Deposition Pursuant to a Subpoena, and to Produce Documents from the Prosecuting Attorney's Office and Motion for Megan Julian to Quash Subpoena to Testify and Produce Documents (ECF No. 82) and the Motion of Plaintiff Robert M. Bry for Order to Inspect Minutes of Grand Jury and Transcript of Witness Testimony (ECF 84). These matters are fully briefed and ready for disposition.[1]

**DISCUSSION**

**I.  Grand Jury Testimony**

Bry seeks to obtain the minutes of the grand jury proceedings and transcripts of the witnesses who testified before the grand jury regarding the decision to charge Bry. Bry asserts he has a "grave need to review the grand jury minutes and witness testimony due to the spoliation of critical evidence by the Defendants." (ECF No. 85 at 1). Bry argues that the grand

---

[1] Bry did not file an opposition to the Objections of Megan Julian to Testify at a Deposition Pursuant to a Subpoena, and to Produce Documents from the Prosecuting Attorney's Office and Motion for Megan Julian to Quash Subpoena to Testify and Produce Documents (ECF No. 82). The time for filing a response, however, has run and the Court rules on Ms. Julian's unopposed Motion. *See* E.D.Mo. L.R. 4.01(B).

jury transcript is "the best if not only evidence in light of the Frontenac Police's destruction of evidence and failure to recall anything that might be harmful to them." (ECF No. 103 at 5). Bry argues that he should be allowed "to review the grand jury minutes and transcripts to see if in fact the Frontenac Police engaged in fraud, perjury, and suppression of evidence because they 'hated' Mr. Bry and wanted to see him locked up." (ECF No. 103 at 6-7). Bry maintains that it is "unclear whether evidence that corroborated Mr. Bry's account of the facts and events pertaining to the Criminal Case was ever presented to the prosecuting attorney's office." (ECF No. 84, ¶4). Bry claims that the grand jury transcript could provide "direct evidence for Mr. Bry's claims" because it is the "only way to learn what the grand jury was not told." (ECF No. 103 at 5 (emphasis in original). Bry further claims that he should be allowed to inspect the transcripts to determine whether any inconsistencies arose in the testimony witnesses gave before the grand jury and testimony given during depositions in this proceeding. (ECF No. 85 at 2). Bry cites to testimony from Officer Brune that he cannot remember what he said or who was present when he testified to the grand jury. (ECF No. 103 at 2-5). Bry also indicates that Officer Barnett and Officer Brune testified with variations of "I don't recall" approximately 20 and 50 times in the 77 and 98 pages of their respective deposition testimonies. (ECF No. 103 at 5). Bry asserts that "no justification for secrecy exists that should prevent the disclosure of the minutes and witness testimony of the grand jury proceedings sought in this case." (ECF No. 85 at 2).

Defendants argue that Bry has not demonstrated a particularized need for either the grand jury transcripts or witness testimony. (ECF No. 95 at 4-11). Defendants note that there has been no finding of spoliation of evidence yet in this case. (ECF No. 95 at 6). Defendants also contend that Bry has not sufficiently articulated how the disclosure of grand jury minutes and witness testimony would avoid a possible injustice in this matter. Defendants argue that Officer

Matthew Brune testified before the grand jury and gave his testimony in this case, and Bry has not demonstrated that there would be any specific inconsistencies between the witness testimony to the grand jury and testimony given by deposition in this matter. (ECF No. 95 at 7). Further, Defendants note that, although Bry complains that his side was not presented to the grand jury, he invoked his right to remain silent. (ECF No. 95 at 7). Nevertheless, Defendants claim that Bry's side was presented to the grand jury in the probable cause statement, which indicates Bry asserted that he had used a knife for self-defense. (ECF No. 7-8). Further, Defendants maintain that Bry has not articulated "any viable reason why the secrecy of grand jury's inner workings (which are displayed in grand jury minutes and witness testimony) should be disclosed." (ECF No. 95 at 9). Defendants argue that grand jury minutes and witness testimony have been given the greatest amount of protection under Rule 6(e). ECF No. 95 at 10 (citing *In re Grand Jury Investigation*, 55 F.3d 350, 354 (8th Cir. 1995) (notes or summaries were not requested, and the district court permitted disclosure of documents since they did not reveal a great deal about the grand jury's inner workings)). Finally, Defendants claim that Bry's request is untimely because it was filed on the day of the discovery deadline. (ECF No. 95 at 11 (citing *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 231 (1979)).

Likewise, St. Louis County Prosecutor Megan Julian contends that Bry has not made the initial demonstration that a grand jury transcript exists. (ECF No. 93 at 2). Further, Ms. Julian claims that if a grand jury transcript exists in this case, then only the state circuit judge has discretion to make orders for the inspection of the transcript. (ECF No. 93 at 3 (citing *State ex rel. Clagett v. James*, 327 S.W.2d 278 (Mo. 1959); *Doe v. McCulloch*, No. 4:15 CV 6 RWS, 2015 WL 2092492, at *6-7 (E.D. Mo. May 5, 2015)). Lastly, Ms. Julian argues that the grand jury minutes or transcripts have no use in this case because they are not proof of a defendant's

guilt or innocence and are not admissible in evidence. (ECF No. 93 at 3 (citing *State v. McDonald*, 342 Mo. 998, 1004, 119 S.W.2d 286, 289 (1938)).

Under Missouri law, "if minutes of witnesses' testimony before a grand jury have been kept, those may be ordered produced for inspection by the accused if the judge deems such proper to meet the ends of justice." *State v. McGee*, 757 S.W.2d 321, 326 (Mo. Ct. App. 1988) (citing *State ex rel. Clagett*, 327 S.W.2d at 283). Likewise, Federal Rules of Criminal Procedure 6(e)(2) codifies the traditional presumption that grand jury proceedings may not be disclosed. *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988). The United States Supreme Court has recognized that the secrecy of grand jury proceedings serves as an important governmental interest.

> We consistently have recognized that the proper functioning of our grand jury system depends upon the *secrecy* of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the *confidentiality* of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the *secrecy* of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."

*Douglas Oil Co.*, 441 U.S. at 218–219 (emphasis added) (footnotes and citation omitted); *Doe v. McCulloch*, 2015 WL 2092492, at *4; *see also McGee*, 757 S.W.2d at 326 ("It is, however, the rule that grand jury proceedings are to be kept secret except as statutes have specifically modified that rule."); *In re Grand Jury Investigation*, 55 F.3d at 353-54 ("The purpose of [Fed. R. Crim. P.] 6(e)(2) is to protect the inner workings of the grand jury. The more a document reveals about that work, the greater the protection it receives under the rule."). Under Rule

6(e)(3)(E)(i), the court may authorize disclosure –at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter preliminarily or in connection with a judicial proceeding. "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of California*, 441 U.S. at 222. "The determination of whether to disclose grand jury materials under Rule 6(e) is committed to the 'substantial discretion' of the district court which must 'weigh carefully the competing interests in light of the relevant circumstances and the standards.'" *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d at 306 (citing *Douglas Oil Co. of California*, 441 U.S. at 223).

After weighing the various factors, the Court holds that the reasons cited by Bry for disclosure do not outweigh secrecy concerns for the grand jury. The Court finds that Bry has not demonstrated that he would suffer an injustice if the grand jury materials are not disclosed. Bry can depose (and has deposed) the officers involved in his arrest regarding the issues in his lawsuit. Further, Bry has not articulated any basis for believing that the officers' testimony at the grand jury would be inconsistent with their testimony in their depositions. Although some of the officers' memories may have faded, such is the case is any proceeding and does not present the type of need required to invade the secrecy of the grand jury process. Further, although the Court has expressed some concern regarding the possible failure to preserve Frontenac police department recordings, the Court has not made an express finding of spoliation of evidence. Therefore, Bry's reliance on such a finding at this stage is misplaced. Further, there is evidence in the record that Bry's position that he acted in self-defense was presented to the grand jury; therefore, that concern is moot. Finally, the Court does not believe that the information sought

by Bry would be particularly relevant or necessary to this action. The information presented the grand jury would not dispositive as to the events that occurred on the night of September 13, 2013, why Bry and his wife were arrested, or why Bry was prosecuted. For all of these reasons, the Court denies Bry's motion to obtain the grand jury materials.

**II.     Deposition of Megan Julian**

A.  Standard for a Motion to Quash

Federal Rule of Civil Procedure 26 provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003)(citing Fed.R.Civ.P. 26(b)(1)); *see also* Fed.R.Civ.P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena).

B.  Discussion

Bry has subpoenaed Megan Julian for a deposition on September 14, 2015 and to bring the following documents: "All documents in the possession of the St. Louis County Prosecuting Attorney regarding *State v. Robert M. Bry*, Case Numbers 13SL-CR09269-001, including any communications with prosecutors or police in the City of Frontenac regarding Mr. Bry and/or those cases." Ms. Julian notes that she has provided a significant number of documents to the litigants in this case, including: the file cover sheet; bond slip; order dismissing the case; motion

to exclude witnesses filed by Mr. Bry; arraignment memorandum; State's request to produce; Judge's October 9 Order reducing Mr. Bry's bond; request for discovery dated September 25, 2013; State's Motion to Exclude Defendant from receiving earned compliance credits; deposition of Frontenac Officer Cody Loveless dated May 21, 2014; Bry's indictment with the names and addresses of witnesses; initial charges filed on September 13, 2013; probable cause statement signed by Frontenac Police Officer Cody Loveless; Court Memorandum indicating the State of Missouri opposes the posting of 10% bond or the posting of property; entry of appearance of Megan Julian; DNA analysis report and conclusions; supplemental DNA analysis report; crime laboratory analysis report; Frontenac Police Department investigative report No. 13-572; pages 1-5 of 25; warrant and commitment to jail for trial or preliminary hearing signed by the Honorable Michael D. Burton; and email from Sgt. Ken Andreski of the Ladue Police Department regarding the police radio broadcast about the alleged assault and discovering Ms. Bry hiding near a dumpster. (ECF No. 82, ¶17). She notes that any request for documents should be addressed to the custodian of records for the office of the Prosecuting Attorney, not to an individual prosecutor. (ECF No. 81, ¶16). Although she understands a discovery dispute has arisen regarding whether the City of Frontenac received some discovery requests, Ms. Julian argues that she has "no personal knowledge of whether or not Frontenac received a copy of a discovery request." (ECF No. 82, ¶5). Ms. Julian argues that the deposition notice should be quashed because she does not have sufficient time to prepare for and prosecute other criminal actions and because she has no non-hearsay or non-privileged testimony regarding what occurred on the night of Bry's arrest or the decision not to prosecute Bry. Further, Ms. Julian contends that Grand Jury proceedings cannot be discussed because there are compelling state interests in favor of preserving the secrecy of grand jury proceedings. (ECF No. 82, ¶15 (citing *Doe v.*

*McCulloch*, 2015 WL 2092492, at *4). Ms. Julian also has noted that the parties took a 3.5 hour deposition of St. Louis Prosecuting Attorney David Truman, who stated on the record that the office of St. Louis County never received any tape recording from the Frontenac Police Department and the Prosecuting Attorney turned over all evidence to Bry's criminal defense attorney in response to the discovery requests. (ECF No. 93 at 2).

The Court finds that Ms. Julian has not stated a reason that her deposition should be quashed in its entirety. The presumption is that discovery should be obtained regarding any matter, not privileged. *See* Fed.R.Civ.P. 26(b)(1) Ms. Julian has identified several lines of questioning that may be barred because the secretive nature of the grand jury proceedings and work produce privileges. *United States v. Nobles*, 422 U.S. 225, 237-38 (1975) (quoting *Hickman v. Taylor*, 329 U.S. 495, 508 (1947) (the work-product doctrine is "a qualified privilege for certain materials prepared by an attorney 'acting for his client in anticipation of litigation.'"). In fact, the Court believes that most of deposition topics are either outside Ms. Julian's knowledge or protected by some privilege. Nevertheless, the Court will not prospectively quash the deposition because an issue has arisen regarding whether Ms. Julian forwarded the discovery requests to the Frontenac Police Department or its counsel. Although Ms. Julian has indicated that she will be unable to provide complete answers regarding this issue, the Court believes that the Bry should be permitted to examine this line of questioning at deposition. Therefore, the Court denies the Motion to Quash. The Court, however, encourages the parties to work together to limit the topics of the deposition and to determine whether the document requests to Ms. Julian are duplicative of the documents already produced.

Accordingly,

**IT IS HEREBY ORDERED** that the Objections of Megan Julian to Testify at a Deposition Pursuant to a Subpoena, and to Produce Documents from the Prosecuting Attorney's Office and Motion for Megan Julian to Quash Subpoena to Testify and Produce Documents (ECF No. 82) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion of Plaintiff' Robert M. Bry for Order to Inspect Minutes of Grand Jury and Transcript of Witness Testimony (ECF 84) is **DENIED**.

Dated this 2nd day of October, 2015.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**