# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT M. BRY, | ) |
| Plaintiff, | ) No. 4:14-CV-1501 RLW |
| v. | ) |
| CITY OF FRONTENAC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the Motion for Protective Order Filed By Movant Megan Julian (ECF No. 110). Plaintiff filed an opposition on October 13, 2015. (ECF No. 113)

## DISCUSSION

### I. Deposition of Megan Julian

A. Standard for a Motion for Protective Order

Federal Rule of Civil Procedure 26 provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003)(citing Fed.R.Civ.P. 26(b)(1)); *see also* Fed.R.Civ.P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena); *In re Missouri Dep't of Natural Res.*, 105 F.3d 434, 435 (8th Cir. 1997) ("The

management of discovery is committed to the sound discretion of the trial court. The scope of our review of discovery orders is both narrow and deferential.") (citations omitted).

B. Discussion

This Court previously denied Megan Julian's Motion to Quash Subpoena to Testify and Produce Documents. (ECF No. 82, 108). In that same Order, the Court "encourage[d] the parties to work together to limit the topics of the deposition and to determine whether the document requests to Ms. Julian are duplicative of the documents already produced." (ECF No. 108 at 8). In Ms. Julian's Motion for Protective Order, she contends that Plaintiff's counsel had her re-served with the same deposition subpoena and refused to negotiate in good faith with her regarding the scope of her deposition. (ECF No. 111 at 2-3). In emails, Ms. Julian's counsel proposed that the parties conduct her deposition by written question, as set forth in Fed. R. Civ. P. 31. (ECF No. 111-1, 111-3, 111-5). Plaintiff's counsel responded and stated that he wanted to proceed with a deposition on oral examination and did not discuss limiting the deposition, its topics, or the document production. (ECF No. 111-12, 111-4, 111-6).

In response, Plaintiff states that he needs to conduct Ms. Julian's deposition by oral examination for several reasons. (ECF No. 113). First, Plaintiff indicates that Ms. Julian is a "critical" witness in this case because she maintained a criminal prosecution of Mr. Bry and initiated a no-contact order that prevented Plaintiff from interacting with Robin Bry for six months. (ECF No. 113 at 2-3). Plaintiff maintains that he wants to depose Ms. Julian regarding her decision to maintain the no-contact order after she learned that Robin Bry would not testify against Plaintiff and wanted the no-contact order rescinded. Second, Plaintiff argues that Ms. Julian does not have any privilege that would preclude Plaintiff from taking her deposition. Plaintiff maintains that prosecutorial immunity protects Ms. Julian from liability but does not

prevent her from being deposed in a civil rights case. (ECF No. 113 at 3). Plaintiff further asserts that work-product protection prevents him from "announc[ing] now exactly what questions it wants to ask Ms. Julian." (ECF No. 113 at 3). He also contends that he should not be limited to asking questions regarding whether Ms. Julian forwarded the discovery. (ECF No. 113 at 4). Third, Plaintiff maintains that his documents request is not overbroad because it only requires her to provide her file on a "single litigation matter." (ECF No. 113 at 4). Finally, Plaintiff claims he acted in good faith because Ms. Julian's counsel was persistent in her position that the deposition only proceed on written questions. (ECF No. 113 at 5-6).

The Court recognizes that Ms. Julian is an active St. Louis Prosecuting Attorney with a busy docket. The Court further notes that Plaintiff's counsel already conducted the deposition of St. Louis County Prosecutor, David Truman. The Court has reviewed the email communications between the parties and finds that Plaintiff's counsel has not attempted to limit the deposition, its topics, or the document production, as requested by the Court in its October 2, 2015 Order. Therefore, the Court finds it necessary to exercise its broad discretion to limit the discovery in this case and grants Motion for Protective Order Filed By Movant Megan Julian. The Court orders that the deposition of Ms. Julian by written question, as set forth in Fed. R. Civ. P. 31. The Court, however, will not limit Plaintiff to a single question. Each side may ask up to ten (10) questions to Ms. Julian.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Protective Order Filed By Movant Megan Julian (ECF No. 110) is **GRANTED**, in part. The parties shall provide up to ten (10) written questions, per side, to Ms. Julian no later than **Monday, October 19, 2015**, and the deposition of Ms. Julian by written deposition shall be conducted no later than **Friday, October**

**28, 2015**. Any follow up questioning will be conducted as provided for in Fed. R. Civ. P. 31 (a)(5), although the Court may shorten the times upon request of a party.

Dated this 14th day of October, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**