UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT M. BRY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14CV1501 RLW |
| CITY OF FRONTENAC, MISSOURI, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Second Motion of Plaintiff Robert Bry for Sanctions or Alternative Motion to Extend and Compel Discovery (ECF No. 121). This matter is fully briefed and ready for disposition.

## STANDARD OF REVIEW[1]

"[T]o warrant dismissal as a sanction for spoliation of evidence "there must be a finding of intentional destruction indicating a desire to suppress the truth." *Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004) (citing *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1111–12 (8th Cir.1988)); *see also Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir.2004) (noting under *Stevenson* "a finding of intent is required to impose the sanction of an adverse inference instruction"); *Brown v. Hamid*, 856 S.W.2d 51, 56–57 (Mo. 1993) ("The evidentiary spoliation doctrine applies when there is intentional destruction of evidence, indicating fraud and a desire to suppress the truth."); *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006).

---

[1] The Court is extremely familiar with this case and no factual background is necessary.

1

## DISCUSSION

In Plaintiff's Motion, he asks the Court to "strike all defendants' answers and enter judgment in his favor on all claims." based upon the Frontenac Defendants' destruction of relevant evidence. (ECF No. 121, ¶3). Alternatively, Bry asks this Court to enter judgment at minimum against the City of Frontenac and Officer Ford because "Frontenac has failed and refused to tender these witnesses for deposition, despite proper notice and repeated indications the depositions would be forthcoming." (ECF No. 121, ¶4). As a final alternative, Bry requests that "this Court enter an order compelling Frontenac to remedy all prior discovery violations within 20 days, and grant Mr. Bry at least 120 additional day to disclose expert (likely necessitated by Frontenac's destruction of recordings and emails, as well as their violations of SOPs), take depositions, and amend his claims for relief as may be appropriate in light of all Frontenac's violations; or, if it would be easier for the Court's administration, this Court pursuant to Federal Rule of Civil Procedure 41 allow Mr. Bry to dismiss and refile his case, but enter an order specifying (a) Mr. Bry shall not have to reimburse Frontenac any fees and costs when refiling his lawsuit and (b) all attorney fees and costs Mr. Bry has incurred prior to dismissal shall be recoverable in the subsequent lawsuit under 28 U.S.C. §1988." (ECF No. 121, ¶5).

Plaintiff cites to six different types of wrongful conduct on the part of Defendants:

(1) Destruction at minimum of dashboard camera, booking/holding area, and interrogation room records, as well as voicemails;

(2) Belated production of Frontenac Standard Operating Procedures—including several policies the Frontenac Police have violated in arresting Mr. Bry and failing to record or destroying recordings of the incident;

(3) Either failing to conduct any reasonable inquiry or concealing the results of an inquiry

2

that uncovered Frontenac had readily available written policies relating to the recording and preservation of recordings in circumstances such as the investigation, arrest, interrogation, and detention of Mr. Bry;

(4) Postponing depositions based upon claims to do so was appropriate while arguing over whether Mr. Bry had properly disclosed all "statements" about which he had some direct or indirect knowledge;

(5) Refusal to tender witnesses, including Frontenac Police Officer defendant Officer Ford and Frontenac Prosecutor Keith Cheung; and

(6) Failure to produce any emails, and possibly also to preserve emails.[2]

I. **Destruction of Evidence**

As indicated, Plaintiff alleges that Frontenac Police have destroyed or allowed destruction of at least four types of recordings: dash-cams, interrogation rooms, booking/holding area cameras, and the Department's telephone, voicemail, and email systems. The Court finds very little new information in the Second Motion for Sanctions that was not included in the first motion. Again, Plaintiff's motion appears to be largely based on conjecture and surmise. *See, e.g.*, ECF No. 140 at 2, n.1 ("Mr. Bry *suspects* at least some calls were recorded..."); ECF No. 140 at 5 ("those officers' systems *very likely* would have recorded things Mr. Bry and Robin said")(emphasis added). Defendants indicate that the recordings identified by Plaintiff either did not exist or that such recordings were recorded over pursuant to department procedures. The Court denies the motion for sanctions because Plaintiff has not demonstrated that recordings existed, that they contained exculpatory information, or that they were recorded over in bad faith.

---

[2] Plaintiff withdrew his claim that the Defendants failed to produce the paramedic report as a basis for sanctions. (ECF No. 140 at 16).

3

*Lewy*, 836 F.2d at 1112. Likewise, Defendants have certified that they performed a review of their email system and no documents related to the September 13, 2013 incident were found. (ECF No. 147 at 11).

The Court again acknowledges that Defendants have provided no affidavit indicating whether anyone reviewed any recordings or emails to determine if they contained any relevant or discoverable material prior to their overwriting or deletion. Absent such a finding, Plaintiff and the Court are forced to rely on the pure conjecture of Defendants as to what is relevant to Plaintiff's cause of action. *See, e.g.*, ECF No. 140 at 5 ("The Frontenac Police's argument for [the lack of any dash-cam video], however, is again mere speculation."). Because Defendants have been unable to articulate whether any tapes or emails existed or what was on said tapes or emails, the Court denies without prejudice Plaintiff's Motion. If necessary, Plaintiff may refile this motion and the Court will consider at trial whether an adverse inference instruction is warranted.

## II.   **Belated Production of Policies**

It appears that these policies have been provided and Plaintiff has not identified any specific prejudice that resulted from the allegedly late production of these policies. Therefore, the Court will not impose any sanction on this basis.

## III.   **Allegation that Frontenac Officers Improperly Concealed Information from St. Louis County Prosecutors to Obtain an Indictment against Plaintiff**

Although not specifically enumerated as one of the types of discovery misconduct, the parties address in their briefing whether the Frontenac Officers "persuaded the County prosecutor David Truman to promptly file a felony charge against Mr. Bry by mischaracterizing the nature of the September 2013 incident and omitting, concealing, and misrepresenting information and evidence gathered at the scene." (ECF No. 122 at 3). Plaintiff also alleges that the "Frontenac

Police then convinced County prosecutor Megan Julian to pursue this charge [against Plaintiff] – and to maintain a no-contact provision in Mr. Bry's bond – despite Mr. Bry's and Robin's repeated requests to be reunited, thus destroying their marriage." (ECF No. 122 at 3). In response, Defendants cite to the testimony of Mr. Truman and Ms. Julian, who dispute Plaintiff's account of the prosecution of his case.

The Court finds that Plaintiff has not provided evidence of sanctionable conduct. At trial, Plaintiff can provide his version of the events on September 13, 2013 and his subsequent prosecution, and the jury will make a credibility determination as to which side to believe.

### IV. Depositions of Officer Ford and Keith Cheung

Plaintiff argues that Defendants improperly suspended the deposition of Officer Ford and refused to tender Keith Cheung in order to prevent damaging and/or perjured testimony. (ECF No. 122 at 13-14). Plaintiff also argues that Defendants cannot use Plaintiff's incomplete discovery production as a basis for not allowing the depositions to go forward. In fact, Plaintiff notes that Defendants had not provided some discovery to Plaintiff at the time Defendants refused to allow the depositions to go forward. (ECF No. 140 at 14-15).

In response, Defendants claim that they determined that Plaintiff had been "purposefully withholding opposing party statements, then using them in court filings (such as affidavits) to substantiate his claims that he is the victim of a police conspiracy" and that "[o]pposing party deponents were also blindsided with questions about alleged statements during their depositions and which were never disclosed or provided pursuant to Defendants['] specific discovery requests." (ECF No. 135 at 21-22). Therefore, Defendants claim that they had no choice but to cancel the depositions in order to prevent such surprises at depositions.

The Court is concerned by the alleged sandbagging of witnesses with adverse statements

that were not produced. The Court, however, also wants to ensure that all discovery necessary to litigate the case is completed. Therefore, the Court will order Plaintiff to provide a complete response to Defendants' interrogatory regarding any party statements within three (3) days. Thereafter, the parties will have ten (10) days to complete the depositions of Officer Ford and Keith Cheung. The Court will not impose any sanctions regarding this issue at this time.

## V. Robin Wolfsberger

Defendants request sanctions against Plaintiff for interfering with scheduling the deposition of Robin Wolfsberger. (ECF No. 135 at 25-32). Defendants indicate that they had scheduled Ms. Wolfberger's deposition in Los Angeles and subsequently agreed to all of the conditions precedent for her deposition in St. Louis, but that Plaintiff failed to schedule the deposition or provide Ms. Wolfsberger's address for service of any subpoena. In response, Plaintiff contends that Defendants' failure to schedule Ms. Wolfsberger's deposition is their own fault because "(a) Frontenac never met her conditions for voluntary testimony and (b) Frontenac never served her with a subpoena compelling testimony." (ECF No. 140 at 15). Plaintiff asserts that he does not have a physical address for Ms. Wolfsberger. (ECF No. 140 at 15).

The Court cannot find any direct evidence of sanctionable conduct on the part of Plaintiff but the Court does not believe that Plaintiff heeded the Court's Order that the parties work together to make sure that the depositions proceeded in "the most expeditious manner and in the interests of justice." (ECF No. 99 at 2, n.2). Therefore, the Court affords Defendants additional time to obtain the deposition testimony of Ms. Wolfsberger. If Plaintiff becomes aware of the physical address or whereabouts of Ms. Wolfsberger,[3] he shall notify Defendants and assist in arranging her

---

[3] Plaintiff's knowledge of Ms. Wolfsberger's physical location seems likely, given that he has obtained an affidavit from her in support of his case. (ECF No. 122-9).

deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Second Motion of Plaintiff Robert Bry for Sanctions or Alternative Motion to Extend and Compel Discovery (ECF No. 121) is **DENIED** without prejudice. The Court will revisit the issue of whether an adverse inference instruction is warranted, if necessary, at trial.

**IT IS FURTHER ORDERED** that Plaintiff shall verify that he has produced all statements from a defendant or representative of defendant. Plaintiff shall supplement his interrogatory answer identifying all information about party statements within three (3) days of the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall complete the depositions of Officer Ford and Keith Cheung within ten (10) days of the date of when Defendants receive Plaintiff's supplemental interrogatory answer.

**IT IS FINALLY ORDERED** that, within two (2) days of this Order, Plaintiff shall provide Defendants with an address for Robin Wolfsberger (if he has one) and/or Plaintiff shall facilitate service of a subpoena on Ms. Wolfsberger. The parties shall complete the deposition of Ms. Wolfsberger within ten (10) days of service of the subpoena.

Dated this 20th day of November, 2015.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE