UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. BRY, | ) |
| | ) |
| Plaintiff, | ) No. 4:14-CV-1501 RLW |
| | ) |
| v. | ) |
| | ) |
| CITY OF FRONTENAC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Combined Motion and Memorandum for Deposition to Perpetuate Testimony During Pendency of Appeal (ECF No. 185). This matter is fully briefed and ready for disposition.[1]

## DISCUSSION

In his Motion, Plaintiff Robert Bry ("Bry") requests leave of the Court to serve a subpoena on the West Central Dispatch Center ("WCDC") and depose its corporate designee. (ECF No. 185). Bry claims that on November 28, 2015 the Frontenac Defendants turned over the complete Standard Operating Procedures Manual ("SOP Manual") of the Frontenac Police Department. (ECF No. 185, ¶4). Bry asserts that the SOP Manual outlines that the WCDC preserved recordings, including the radio transmissions and conversations regarding the September 13, 2013 incident between Bry and his then-wife, Robin. The WCDC only maintains the recordings

---

[1] Bry's Reply is titled "Plaintiff Robert M. Bry's Reply in Support of His Rule 27(B) Motion; Rule 60 Combined Motion and Memorandum to Re-Open This Action Based upon Fraud by Defendants; and Request for a Hearing" (ECF No. 191). Bry, however, cannot raise a new issue or basis for relief in his Reply. *See Castillo-Alvarez v. Smith*, No. CV 14-542 (JRT/JSM), 2015 WL 6445479, at *22 (D. Minn. Oct. 23, 2015) ("it is not appropriate to raise new grounds for relief in a reply").

for three (3) years. Bry claims that the WCDC's recordings are "essential to obtaining relevant, material, and critical evidence that Mr. Bry has been unable to obtain from the Frontenac Defendants despite repeated efforts." (ECF No. 185, ¶7). Bry notes that Officer Ford testified at his deposition that the WCDC "[m]ay record all that stuff ... [b]ut it's only kept for a limited amount of time." (ECF No. 191 at 2).

In response, Defendants assert that "such recordings never existed." (ECF No. 186 at 3). Defendants note that they previously produced the 911 recording from September 13, 2013, which was obtained from WCDC. (ECF No. 186 at 5). Second, Defendants maintain that Bry had adequate time to take the deposition of WCDC while during the discovery period before this Court. (ECF No. 186 at 3-4). Defendants note that Plaintiff requested that the discovery period be extended twice, but never requested WCDC's deposition. Defendants further assert that they timely produced the SOP Manual on November 28, 2015 after it was requested on November 24, 2015. (ECF No. 186 at 4). Finally, Defendants note that Bry only contends that the WCDC "should" have additional recordings, without any support. (ECF No. 186 at 5-6). Defendants maintain that this Court should not allow such post-judgment discovery to proceed purely on conjecture, particularly when this discovery likely will lead to further discovery and delays. (ECF No. 186 at 6).

The Court denies Bry's Motion to conduct Rule 27(b) discovery. Rule 27(b)(1) provides: "The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Bry has not demonstrated that the deposition of WCDC would provide any testimony that could be used in a further proceeding before this Court or for Bry's appeal. Defendants have not demonstrated that any tapes, documents, or other evidence

related to the September 13, 2013 incident are in WCDC's possession. Further, the Court finds that Bry's request to depose WCDC is untimely because Bry was aware of information related to WCDC no later than November 28, 2015. Bry, however, never sought leave to obtain testimony from WCDC before this Court's ruling on December 18, 2015. Therefore, the Court will not allow Bry to conduct this untimely, post-judgment discovery based solely upon his own speculation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Combined Motion and Memorandum for Deposition to Perpetuate Testimony During Pendency of Appeal (ECF No. 185) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall send this Memorandum and Order to Robert M. Bry, 10364 Conway Road, St. Louis, MO 63131.

Dated this 11th day of May, 2016.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**