UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT M. BRY,  )
 )
    Plaintiff, ) No. 4:14-CV-1501 RLW
 )
v. )
 )
CITY OF FRONTENAC, MISSOURI, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Bill of Costs. (ECF No. 175). This matter is fully briefed and ready for disposition.

## BACKGROUND

On December 18, 2015, this Court granted summary judgment in favor of Defendants on all of Plaintiff's claims. (ECF No. 172-174). On January 15, 2016, Defendants filed their Bill of Costs, seeking $8,430.01 in costs for litigating this matter. (ECF No. 175).

## STANDARD OF REVIEW

Costs, other than attorneys' fees, "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (enumerating costs that are recoverable).[1] "Federal

---

[1] 28 U.S.C. § 1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

courts are bound by the limitations set out in section 1920." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted). Although there is a presumption that the prevailing party is entitled to its costs, the district court has "substantial discretion" in awarding costs. *Marmo v. Tyson Fresh Meats*, 457 F.3d 748, 762 (8th Cir. 2006) (citing *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000)); *Bathke v. Casey's Gen. Stores*, 64 F.3d 340, 347 (8th Cir. 1995). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" *168th & Dodge, LP*, 501 F.3d at 958 (quoting *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005)).

## DISCUSSION

### A. Timing of Filing of Bill of Costs

Local Rule 8.03 provides that a "party seeking an award of costs shall file a verified bill of costs, in the form prescribed by the Clerk, no later than twenty-one (21) days after the entry of final judgment pursuant to Fed. R. Civ. P. 58. Failure to file a bill of costs within the time provided may constitute a waiver of taxable costs." E.D.Mo. L.R. 8.03(A).

Plaintiff argues that Defendants' bill of costs was untimely. Plaintiff notes that Defendants filed their bill of costs twenty-eight (28) days after the final judgment was entered and, therefore, Defendants have waived their right to recover costs. (ECF No. 180 at 1-2 (citing *ACI/Boland, Inc. v. U.S. Specialty Ins. Co.*, No. 4:07CV0378 TCM, 2009 WL 578307, at *1 (E.D. Mo. Mar. 5, 2009) (pending bill of costs was filed ten days too late)). Plaintiff claims he was prejudiced by the untimely filing of the bill of costs because he "authorized his attorneys to draft and file a notice of appeal on his behalf. Frontenac's untimely attempt to collect its costs creates potential

unexpected costs that Mr. Bry faces as he and his attorneys prepare his appeal." (ECF No. 180 at 2). In response, Defendants argue that Local Rule 8.03 affords the Court discretion to accept a late-filed bill of costs. *See* E.D.Mo. L.R. 8.03(A) ("[f]ailure to file a bill of costs within the time provided *may* constitute a waiver of taxable costs")(emphasis added).

The Court exercises its discretion to accept Defendants' untimely Bill of Costs. The Court holds that Plaintiff has not demonstrated any prejudice by Defendants' one-week delay in filing the Bill of Costs. *See Stewart v. City of St. Louis*, No. 404CV00885 RWS, 2007 WL 2994444, at *1 (E.D. Mo. Oct. 10, 2007). The Court holds that Defendants did not waive their taxable costs.

### B. Costs of Service

Plaintiff argues that the $189.96 charge for service of process for the depositions of Robin Wolfsberger and Sheila Hoffman is not proper. (ECF No. 180 at 3 (citing *Lee ex rel. Lee v. Borders*, No. 4:09CV1977 TIA, 2013 WL 1316985, at *4 (E.D. Mo. Mar. 29, 2013) ("the costs paid to process severs other are not taxable as costs"); *ACI/Boland, Inc. v. U.S. Specialty Ins. Co.*, No. 4:07CV0378 TCM, 2009 WL 578307, at *1 (E.D. Mo. Mar. 5, 2009) (the costs for service of process for a special process server is not provided for in § 1920)). In response, Defendants argue that the cost of a special process server was properly incurred based upon their difficulty in serving Ms. Wolfsberger and Ms. Hoffman's failure to appear for her deposition. (ECF No. 181 at 7-8).

The Court holds that Defendants are not entitled to the cost of service of process. Eighth Circuit precedent is clear that the cost for service of process is not recoverable. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (Defendant cannot "recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such

expenses"); *Lee ex rel. Lee*, 2013 WL 1316985, at *4; *ACI/Boland, Inc.*, 2009 WL 578307, at *1. The Court will reduce the Bill of Costs by $189.96.

### C. Costs of Depositions and Video Recordings

Plaintiff finally contends that Defendants improperly submitted costs for the deposition of Robin Wolfsberger ($372.00) and the videotaping of her deposition ($343.00) and the deposition of Robert Bry ($2,628.20) and the videotaping of the deposition ($1,170.50).

In response, Defendants argued that videotaping Ms. Wolfsberger's and Plaintiff's deposition was necessary in order to record their demeanor and appearance in providing answers that were material to the lawsuit. (ECF No. 181 at 9-10). In particular, Defendants contend that Plaintiff's attitude, including profanity, required the use of a videotaped deposition. In the alternative, Defendants maintain that, if the Court finds that Defendants cannot recover both the printed transcripts and videotaping costs, then Frontenac can elect to receive the costs associated with obtaining the printed transcripts, which are $3,000.20. (ECF No. 181 at 10).

The Court holds that Plaintiff must choose between the videotaped cost or the cost of the printed transcripts. "District courts addressing the issue have generally held that the statute permits recovery of costs for either stenographic transcription or video-recording of depositions, but not both." *Nat'l Ben. Programs, Inc. v. Express Scripts, Inc.*, No. 4:10CV00907 AGF, 2012 WL 2326071, at *3 (E.D. Mo. June 19, 2012); *see Thomas v. Newton*, No. 4:07CV556 AGF, 2009 WL 1851093, at *3 (E.D. Mo. June 26, 2009) (Defendants should not be permitted to recover deposition fees for both stenographic transcription and video costs" under a review of 28 U.S.C. § 1920(2). Therefore, the Court denies Plaintiff the costs for the videotaped depositions but grants the costs for the stenographic transcription. The Court will reduce the Bill of Costs by an additional $1,513.50.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Bill of Costs (ECF No. 175) is **DENIED**, in part, and **GRANTED**, in part.

**IT IS FURTHER ORDERED** that costs are taxed against Plaintiff Robert Bry in the amount of **$6,726.55**.


Dated this 19th day of January, 2017.

                                                                                         */s/ Ronnie L. White*
                                                            **RONNIE L. WHITE**
                                                            **UNITED STATES DISTRICT JUDGE**